HEARD NOVEMBER TERM, 1877.

## ROE vs. HARRISON.

In an action by a junior judgment creditor to set aside a senior judgment by confession as fraudulent and void, brought by the administrators of the junior judgment creditor against the administratrix of the senior judgment creditor and the administrator of the judgment debtor, conversations and transactions which led to the confession of the senior judgment between the judgment debtor and the senior judgment creditor may be proved by a distributee of the judgment debtor.

BEFORE COOKE, J., AT GREENVILLE, APRIL, 1877.

This was an action by Thomas H. Roe and James Roe, administrators of Thomas Roe, deceased, against Mary Harrison, administratrix of William H. Harrison, deceased, and James Harrison, administrator of the estate of Thomas E. Harrison, deceased.

The following is the case on which the appeal was heard:

This was an action brought by the administrator of a junior judgment creditor against the administratrix of a senior judgment creditor and the administrator of their mutual debtor to set aside the senior judgment on an allegation of fraud. The plaintiffs offered as a witness a son, heir-at-law and distributee of the estate of the deceased judgment debtor, to prove certain conversations alleged to have taken place in his presence between the senior judgment creditor and the judgment debtor. This testimony was objected to on the ground that he was an interested witness and incompetent under Section 415 of the Code. The objection was sustained and the plaintiff appealed.

*Whitner & Symmes, Cothran,* for appellants.

*Earle & Wells, Vance,* contra.

March 9, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The testimony of John Harrison was improperly excluded. The action is brought by a judgment creditor of the intestate against his administrator and a senior judgment creditor to set aside such senior judgment as fraudulent and void, so as to let in the junior judgment to a priority. The witness, John Harrison, was a distributee of the intestate, and, therefore, has, in legal contemplation, an interest in the event of the suit; for if the judgment is set aside, assets to a corresponding amount will be liberated and become disposable for payment of debts or distribu-

tion. He was called by the plaintiff for the purpose of invalidating the judgment. It is alleged, however, that the estate was insolvent, and contended that for that reason he was destitute of interest. Had the insolvency been judicially ascertained, as between the parties, so as to estop them from inquiry into the fact, a different question from the present one would have been presented, which we need not consider. It is enough to hold that, as a question of fact, insolvency could not be determined as an incident merely to the question of the interest of the witness in the event of the suit. Such a proceeding would be without precedent and incompatible with orderly procedure in trials of issues of fact, and it is not to be assumed that the Legislature intended such a qualification of its language.

The language of the statute excludes "any person who has a legal interest which may be affected by the event of the action." It need not appear that such interest will be so affected. It is the possibility of such an effect to which the law looks, and not to what will ultimately prove to be the effect on such interest. This language is substantially repeated in the same Section and with the same effect.

The subject of the testimony was " conversations and transactions" between the deceased and the third party, and the objection to the testimony came from the administratrix of the deceased, whose conversations and transactions were the subject of the testimony offered.

The testimony offered was as to " conversations and transactions between his brother, [witness's brother] William H. Harrison, and his father, the said Thomas E. Harrison, relative to the causes which led to the confession of judgment made by Thomas E. Harrison to William H. Harrison." The statute excludes " any transactions or communications between such witness and a person at the time of such examination, deceased, &c."

We have only the bare offer of proof and must act on it as it stands. It does not necessarily follow, from the statement of the proof offered, that the subject-matter was a transaction or communication between the witness and the deceased. For all that appears, the presence of the witness at the time and place of the conversation may have been unknown to the parties between whom the transactions or conversations took place, so that he cannot be regarded as having necessarily taken any part in such conversation with the deceased.

While we cannot determine whether in point of fact the witness was competent as it regards the undisclosed testimony he had to give, we are satisfied that the offer of testimony was not sufficient to raise a question of his competency.

There must be a new trial.

*McIver,* A. J., and *Haskell,* A. J., concurred.